# EDWARD MITZEL v. ISADORE ZACHMAN AND ANOTHER.[1]

February 2, 1945.

No. 33,925.

*L. W. Crawhall,* for appellant.
*Talbert M. Erickson,* for respondent.

LORING, CHIEF JUSTICE.

Defendant Louie Zachman appeals from an order denying his motion for a new trial. Plaintiff and appellant had adjoining pastures in Hennepin county. Plaintiff brought suit for treble damages on two causes of action for malicious castration of two of his bulls, which went through the line fence into appellant's pasture in 1942 and 1943. Plaintiff dismissed his action against

[1]Reported in 16 N. W. (2d) 472.

defendant Isadore Zachman on the trial. Louie Zachman will hereinafter be referred to as the defendant. He counterclaimed for damages to his heifers, but the jury found a verdict of $500 for plaintiff.

The line fence between the pastures was maintained in half its length by each of the parties. There was evidence tending to show that the bulls went through that part of the fence maintained by defendant.

Defendant presents but four assignments of error. The first two challenge the sufficiency of the evidence in law to support the verdict. The third challenges the qualifications of a witness to give his opinion as to the value of the bulls before and after castration. The fourth is insufficient to challenge any errors in the charge.

■ Defendant does not challenge the right of plaintiff to recover for his loss in consequence of the castration of the bulls. He could not well do so in view of the fact that he took the law into his own hands instead of following the provisions of Minn. St. 1941, § 346.16 (Mason St. 1927, §§ 7295, 7296, 7297). Because he made no attempt to follow that statute, we need not here determine whether the bulls, after getting into defendant's pasture, were running at large. The evidence of malice was sufficient.

■ The witness Harry Graham, whose qualifications to testify to the value of the bulls before and after their castration are challenged, had had a wide experience in dealing in bulls. He had owned and sold these bulls to the plaintiff. There was no error in admitting his testimony. Defendant's principal complaint is addressed to the fact that at first Graham could not recall whether the bull castrated in 1942 was a Jersey or a Guernsey. His subsequent testimony cured this lapse of memory.

■ Defendant asserts that the evidence of damage to his heifers is compelling and that the jury allowed him nothing. It is not certain that the jury did not allow $55, since there was evidence tending to prove that plaintiff's damage was that much in excess of the verdict. However, defendant in his answer tied his right to recover to the damage done by the two bulls he castrated. This

alone is a complete answer to his contention, because there is no evidence that these bulls were diseased or that they sired any calves from defendant's heifers.

Order affirmed.